J-A11018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE JEFFERSON, | |
| Appellant | No. 776 EDA 2014 |

Appeal from the Judgment of Sentence of October 28, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008441-2012

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND WECHT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 18, 2015**

Appellant, Tyrone Jefferson, appeals from the judgment of sentence entered on October 28, 2013 in the Criminal Division of the Court of Common Pleas of Philadelphia County, as made final by the denial of post-sentence motions on March 4, 2014.  We affirm.

Following a fatal shooting in Philadelphia, a jury convicted Appellant of third degree murder, criminal conspiracy, and possessing instruments of crime.[1]  On October 28, 2013, the trial court sentenced Appellant to an aggregate term of 25 to 54 years' imprisonment.  Appellant filed post-sentence motions on November 5, 2013, which the trial court denied on March 4, 2014.  Thereafter, Appellant filed a timely notice of appeal on

---

[1] 18 Pa.C.S.A. § 2502(c), 903(a), and 907(a).

J-A11018-15

March 13, 2014 and a concise statement pursuant to Pa.R.A.P. 1925(b) on March 28, 2014. The trial court issued its Rule 1925(a) opinion on July 22, 2014.

Appellant's brief to this court raises the following questions for our review:

> Were the convictions for [m]urder of the [t]hird [d]egree (18 Pa.C.S.A. § 2502(c)), [c]riminal [c]onspiracy to [c]ommit [m]urder (18 Pa.C.S.A. § 903), and [p]ossession of an [i]nstrument of crime ["PIC"] (18 Pa.C.S.A. § 907), not supported by sufficient evidence? Was the evidence and testimony so conflicting that the evidence was only speculative in nature, thereby causing the verdicts not to be supported by sufficient evidence?
>
> Were the convictions for [m]urder of the [t]hird [d]egree, [c]riminal conspiracy to [c]ommit [m]urder, and [PIC] against the weight of the evidence? Should the conflicting and speculative nature of the evidence shock the conscience and require the reversal of the aforementioned convictions?
>
> Did the [a]ssistant [d]istrict [a]ttorney err in his opening and closing speeches by making inflammatory statements, statements of personal opinion, improperly vouching for witnesses, and suggesting the Appellant was related to a drug gang? Did [the trial court] err in denying the mistrial request?
>
> Did [the trial court] err and tarnish [defense counsel] in front of the jury wherein [it] criticized him for making a valid objection during the [d]istrict [a]ttorney's opening statement?

Appellant's Brief at 5-6.

Appellant's first claim challenges the sufficiency of the evidence offered in support of his convictions. We evaluate such claims under a familiar standard:

- 2 -

> Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary. We review the evidence in the light most favorable to the verdict winner to determine whether there is sufficient evidence to allow the jury to find every element of a crime beyond a reasonable doubt.
>
> In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Tejada***, 107 A.3d 788, 792-793 (Pa. Super. 2015) (internal citations and quotations omitted).

Appellant's sufficiency challenge asserts that the Commonwealth failed to prove that Appellant participated in the killing. Specifically, Appellant relies on his own testimony, alibi testimony, character testimony, and the testimony of others who said that Appellant was not present and did not commit the killing. ***See*** Appellant's Brief at 42-43. Appellant also points to alleged inconsistencies in the testimony of the Commonwealth's two eyewitness in claiming that "delays and contradictions [in this evidence] create[d] the kind of speculation that is prohibited by" prior Pennsylvania case law. ***Id.*** at 43.

- 3 -

Appellant's sufficiency challenge merits no relief. At trial, the Commonwealth offered the testimony of two witnesses who identified Appellant and his co-defendant as the individuals who participated in the killing of the victim. In particular, the Commonwealth's witnesses testified that Appellant handed a revolver to his co-defendant, who then shot the victim in the forehead. Both witnesses observed these events from a distance of less than ten feet. This evidence was more than sufficient to establish Appellant's role as a participant in the victim's shooting death. Since the jury credited this version of events over that offered by witnesses for the defense, and since we are forbidden to re-weigh the jury's credibility assessments, Appellant's sufficiency claim fails.

Appellant's second claim asserts that he is entitled to a new trial since the jury's verdict was against the weight of the evidence. This claim, too, lacks merit.

We review a weight of the evidence claim according to the following standard:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the [jury] is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the [jury's] verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted

where the facts and inferences of record disclose a palpable abuse of discretion.

*Tejada*, 107 A.3d at 795-796.

Appellant argues that the court abused its discretion in denying a request for a new trial because his conviction on charges of third degree murder and related offenses was against the weight of the evidence. Largely, Appellant's weight claim mirrors the contentions offered in support of his sufficiency challenge. *See* Appellant's Brief at 46 ("the same arguments made in the sufficiency of evidence argument section go to the weight of evidence argument due to the conjecture and conflicting and speculative evidence"). Here, again, Appellant maintains that that the testimony adduced by the Commonwealth to establish Appellant's participation in the killing was unreliable and, for this reason, he is entitled to a new trial.

The trial court found that the jury's verdict was supported by the evidence and did not shock its sense of justice. Trial Court Opinion, 7/22/14, at 4-7. In reviewing Appellant's weight claim, the court carefully considered the testimony of the Commonwealth's witnesses and concluded that, "[d]espite the evidence in support of [Appellant's] position that he was not involved with this crime, the Commonwealth's evidence was sufficient to substantiate the jury's verdict." *Id.* at 6. We find no abuse of discretion in this determination. As such, Appellant is due no relief on this issue.

Appellant's third and fourth issues are interrelated; hence, we consider them together. Here, Appellant alleges that the trial court abused its discretion in refusing to grant a mistrial on grounds that: 1) the assistant district attorney's opening and closing statements wrongly accused Appellant of participating in drug-related activity; 2) the assistant district attorney improperly suggested to the jury that the defense had an obligation to obtain statements from witnesses; 3) the assistant district attorney offered personal opinions about the evidence introduced at trial; and, 4) the court chastised and denigrated defense counsel in the eyes of the jury. The trial court rejected these claims, concluding, respectively, that: 1) the prosecutor's references to prior bad acts evidence constituted fair assertions based on the evidence (*id.* at 14); 2) the prosecutor's references to the passage of time between the victim's murder and the statements given by the witnesses constituted oratorical flair based upon the evidence (*id.* at 15-16); 3) the trial court sustained defense counsel's objections, warned the prosecutor to avoid inserting his personal opinions, and instructed the jury to disregard the prosecutor's opinions and base the verdict on the evidence (*id.* at 17-19); and, 4) the court's interjections regarding defense counsel were made to expedite trial and insure orderly proceedings (*id.* at 20 n.16). After careful review of the certified record and the submissions of the parties, we concur in the trial court's determinations and discern no error or

abuse of discretion. Hence, we conclude, for the reasons expressed by the trial court, that Appellant is not entitled to relief on his final claims.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2015